Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

Alex D. Kruzyk* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

Jacob U. Ginsburg, Esq. (*pro hac vice* anticipated)
KIMMEL & SILVERMAN, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Counsel for Plaintiffs and the proposed classes*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Ragsdale, Carl Yockman, and Savannah Berger, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> Leadpoint, Inc., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Class Action Complaint - 1

## Nature of this Action

1. Lisa Ragsdale, Carl Yockman, and Savannah Berger (together, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against Leadpoint, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

## Parties

4. Ms. Ragsdale is a natural person who at all relevant times resided in Loveland, Colorado.

5. Mr. Yockman is a natural person who at all relevant times resided in Macon, Georgia.

6. Ms. Berger is a natural person who at all relevant times resided in Collinsville, Texas.

7. Defendant is a marketing and lead generation business incorporated in Delaware and headquartered in Los Angeles, California.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

9. Defendant is headquartered in the State of California and a substantial portion of the occurrences and events giving rise to this action occurred in California.

10. In particular, Defendant directed its solicitation messages to Plaintiffs' telephone numbers from California.

11. Accordingly, this Court has personal jurisdiction over the parties to this action.

12. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant is headquartered in this district, and a significant portion of the events giving rise to this action occurred in this district.

13. In particular, Defendant directed its solicitation messages to Plaintiffs' telephone numbers from this district.

## Factual Allegations

14. Ms. Ragsdale is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(970) 412-XXXX.

15. Ms. Ragsdale uses her cellular telephone as her personal residential telephone number.

16. Mr. Yockman is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(478) 319-XXXX.

17. Mr. Yockman uses his cellular telephone as his personal residential telephone number.

18. Ms. Berger is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number (972) 979-XXXX.

19. Ms. Berger uses her cellular telephone as her personal residential telephone number.

20. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed

1  to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot.
2  Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

3  21.   Ms. Ragsdale registered her cellular telephone number with the DNC
4  Registry on July 29, 2003.

5  22.   Mr. Yockman registered his cellular telephone number with the DNC
6  Registry on November 2, 2007.

7  23.   Ms. Berger registered her cellular telephone number with the DNC
8  Registry on August 28, 2019.

9  24.   Beginning in January of 2024, and continuing through the present on
10 an intermittent basis, Ms. Ragsdale received a handful of text messages purporting
11 to be delivered by "RateText," GeoNest," or "Open Sea," all materially identical
12 in structure, and from a rotating series of phone numbers, including:





25. Those links and websites do not disclose who is responsible for sending the subject text messages, nor the owner of those websites, instead referring to fictitious entities such as "Open Sea," "RateText," or "GeoNest."

26. Similarly, beginning in August of 2023, and continuing through the present on an intermittent basis, Mr. Yockman received a handful of text messages, from a rotating series of phone numbers, including:



27. Once again, those links and websites do not disclose who is responsible for sending the subject text messages, nor the owner of those websites.

28. However, the boilerplate disclosures used in those websites are mirrored in a host of other websites, all with materially identical structure and purpose.

29. For example, the "optihomelife" website features the following disclosure:

> © Copyright 2024. All rights reserved.
> For a free quote. – www.optihomelife.comwww2.bitevital.com / RateText.com is not a loan broker, lender, loan modification company or foreclosure prevention/counseling company. www.optihomelife.comwww2.bitevital.com / RateText.com is not associated with or an affiliate of your current lender or servicer. This is not an offer by www.optihomelife.comwww2.bitevital.com / RateText.com to lend you money. Our goal is to provide an easy connection for homeowners seeking information on MORTGAGE eligibility with a private mortgage broker, company, or attorney who can assist you.
>
> By entering your mobile number in form above you agree to receive marketing based text messages. Consent is not required for purchase. You may receive up to 5 messages per month. Standard text and data rates may apply. Text HELP for help. Text STOP to cancel

30. The "grhomehelp" website features materially identical disclosures:

> © Copyright 2024. All rights reserved.
> For a free quote. - www.grhomehelp.comwww2.bitevital.com / RateText.com is not a loan broker, lender, loan modification company or foreclosure prevention/counseling company. www.grhomehelp.comwww2.bitevital.com / RateText.com is not associated with or an affiliate of your current lender or servicer. This is not an offer by www.grhomehelp.comwww2.bitevital.com / RateText.com to lend you money. Our goal is to provide an easy connection for homeowners seeking information on MORTGAGE eligibility with a private mortgage broker, company, or attorney who can assist you.
>
> By entering your mobile number in form above you agree to receive marketing based text messages. Consent is not required for purchase. You may receive up to 5 messages per month. Standard text and data rates may apply. Text HELP for help. Text STOP to cancel

31. Other websites feature materially identical disclosures, such as mtgreboot.com:

> For a free quote. - www.mtgreboot.com / RateText.com is not a loan broker, lender, loan modification company or foreclosure prevention/counseling company. www.mtgreboot.com / RateText.com is not associated with or an affiliate of your current lender or servicer. This is not an offer by www.mtgreboot.com / RateText.com to lend you money. Our goal is to provide an easy connection for homeowners seeking information on MORTGAGE eligibility with a private mortgage broker, company, or attorney who can assist you.
>
> By entering your mobile number in form above you agree to receive marketing based text messages. Consent is not required for purchase. You may receive up to 5 messages per month. Standard text and data rates may apply. Text HELP for help. Text STOP to cancel

32. Critically, the mtgreboot website, which also refers to itself as "RateText.com," *also* discloses that the entity responsible for those disclosures is "Secure Rights NMLS 3175."[1]

33. NMLS 3175 is owned by Defendant.

34. Similarly, another website, refirecovery.com, purports to be owned or operated by GeoNest, while also disclosing consent forms for "RateText" and "VoltaText," while omitting any reference to Defendant.[2]

35. However, "refirecovery" previously disclosed that the entity responsible for its disclosures is "Secure Rights NMLS 3175,"[3] and *currently* provides a hyperlink that redirects users to www.securerights.org/privacy.

36. Upon information and belief, Defendant operates, controls, and/or directs the fictitious entities such as "Open Sea," "RateText," or "GeoNest."

---

[1] https://www.mtgreboot.com/ (last visited May 7, 2024).

[2] https://www.refirecovery.com/ (last visited May 16, 2024).

[3] https://web.archive.org/web/20211222192556/https://www.refirecovery.com/ (last visited May 16, 2024).

Class-Action Complaint - 7

37. As a result, Defendant is the sender of the messages to Plaintiffs that were sent under the guise of "Open Sea," "RateText," or "GeoNest."

38. Likewise, between July 2020 and December 2020, Ms. Berger received a series of unwanted text messages from Defendant soliciting mortgage and home equity loans, which Berger did not request or otherwise consent to receiving.

39. The text messages were directed to a person named "Crystal" who Berger is not acquainted.

40. A true and accurate copy of screenshots reflecting certain of those text messages is copied below:



41. None of those text messages identified Defendant in the body of the

message. Accordingly, Ms. Berger clicked the links on those text messages to glean the identity of the party texting her without consent and soliciting services she did not want or need.

42. When Ms. Berger clicked the link featured in the text messages, her browser landed on either "pulse.zbuyer.com", "homeequityquiz.com" or "FHArateguide.com."

43. On the instances where Ms. Berger's browser landed on pulse.zbuyer.com, after a short time on that website, her browser would be automatically redirected and resolve to homeequityquiz.com.

44. The website pulse.zbuyer.com does not identify the operator of that page. However, homeequityquiz.com discloses "HomeEquityQuiz is owned by LeadPoint, Inc. NMLS ID: 3175."

45. While FHARates.com no longer identifies the owner of the webpage, in the summer of 2020, it identified "LeadPoint, Inc." as the owner of the page.

46. Text messages with links to pulse.zbuyer.com and homeequityquiz.com both originated from the same short code: 98673.

47. Furthermore, the text messages that did not come from that short code were also directed to "Crystal."

48. Accordingly, Berger understands Defendant was responsible for text messages linking to pulse.zbuyer.com, homequityquiz.com and FHARates.com

49. Plaintiffs did not recognize the sender of these text messages, did not request any service, appraisal, renovation, or payment information regarding the subject addresses, and did not previously interact with the websites identified by the subject text messages.

50. Plaintiffs are not, and were not, interested in Defendant's services or marketing.

51. Plaintiffs did not give Defendant prior express consent or prior express written consent to send text messages to their cellular telephone numbers.

Class-Action Complaint - 9

52. Upon information and belief, Defendant sent the text messages at issue to Plaintiffs' cellular telephone numbers for non-emergency purposes.

53. Upon information and belief, Defendant sent the text messages at issue to Plaintiffs' cellular telephone numbers voluntarily.

54. Upon information and belief, Defendant sent the text messages at issue to Plaintiffs' cellular telephone numbers under its own free will.

55. Plaintiffs did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to their cellular telephone numbers.

56. The purpose of the solicitation messages at issue was to advertise and to market Defendant's business or services.

57. Plaintiffs suffered actual harm as a result of the text messages at issue in that they suffered an invasion of privacy, an intrusion into their lives, and a private nuisance.

58. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiffs registered their cellular telephone numbers with the DNC Registry.

59. Based on the pervasive nature of Defendant's obfuscation of their identities, Defendant acted willfully and intentionally through its violations of the TCPA.

## Class Action Allegations

60. Plaintiffs brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes (the "Classes"):

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Leadpoint, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Leadpoint, Inc.'s or its business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Leadpoint, Inc. delivered, or

caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

All persons and entities throughout the United States (1) to whom Leadpoint, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Leadpoint, Inc.'s or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Leadpoint, Inc. and a telephone number or address at which Leadpoint, Inc. may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

61. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

62. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

63. The exact number of members of the Classes are unknown to Plaintiffs at this time, and can be determined only through appropriate discovery.

64. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

65. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

66. Plaintiffs' claims are typical of the claims of the members of the Classes.

67. As it did for all members of the Federal Do-Not-Call Registry Class,

Defendant delivered solicitation text messages to Plaintiffs' telephone numbers more than thirty days after Plaintiffs registered their cellular telephone numbers with the DNC Registry.

68. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiffs' telephone number where the subject text messages did not state the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted.

69. Plaintiffs' claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

70. Plaintiffs' claims are based on the same theories as are the claims of the members of the Classes.

71. Plaintiffs suffered the same injuries as the members of the Classes.

72. Plaintiffs will fairly and adequately protect the interests of the members of the Classes.

73. Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

74. Plaintiffs will vigorously pursue the claims of the members of the Classes.

75. Plaintiffs have retained counsel experienced and competent in class action litigation.

76. Plaintiffs' counsel will vigorously pursue this matter.

77. Plaintiffs' counsel will assert, protect, and otherwise represent the members of the Classes.

78. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

79. Issues of law and fact common to all members of the Classes include:

    a. For the Federal Do-Not-Call Registry Class, Defendant's

                  practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

      b.   For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

      c.   Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation messages;

      d.   Defendant's violations of the TCPA; and

      e.   The availability of statutory penalties.

80.   A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

81.   If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

82.   The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

83.   The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

84.   These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

85. The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

86. The pursuit of Plaintiffs' claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

87. There will be no extraordinary difficulty in the management of this action as a class action.

88. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

89. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-88.

90. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

91. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

92. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

93. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

94. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

95. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiffs and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

96. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiffs, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

97. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-88.

98. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

99. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.*

Class-Action Complaint - 15

at § 64.1200(d)(4).

100. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

101. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

102. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

103. Defendant therefore violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiffs and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

104. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiffs, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a.    Determining that this action is a proper class action;

    b.    Designating Plaintiffs as class representatives of the proposed Classes under Federal Rule of Civil Procedure 23;

    c.    Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

    d.    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

    e.    Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

    f.    Awarding Plaintiffs and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

    g.    Awarding Plaintiffs and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

    h.    Awarding Plaintiffs and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i.    Awarding Plaintiffs and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

    j.    Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Date: May 31, 2024        By:   /s/ Adrian R. Bacon

                                              Adrian R. Bacon
                                              THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.
                                              21031 Ventura Blvd, Ste. 340

Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

**Pardell, Kruzyk & Giribaldo, PLLC**
Alex D. Kruzyk* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
akruzyk@pkglegal.com

KIMMEL & SILVERMAN, P.C.
Jacob U. Ginsburg, Esq. (*phv* anticipated)
30 East Butler Ave.
Ambler, PA 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Counsel for Plaintiffs and the proposed classes*